86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesse Dale HERNANDEZ, Plaintiff-Appellant,
v.
James H. GOMEZ; Theo White, Warden; James Walker; Jack
Reagan; J.P. Walkly, Defendants-Appellees.
 No. 95-16761.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Jesse Dale Hernandez appeals pro se the district court's summary judgment in favor of prison officials in Hernandez's 42 U.S.C. § 1983 action alleging he was denied access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991), and affirm.
 
 
 3
 Prison authorities must provide inmates with meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). If an inmate's claims do not involve the denial of access to adequate law libraries or legal assistance, the inmate must allege an actual injury consisting of some specific instance in which conduct by prison officials denied him access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 4
 Here, Hernandez alleged that he was denied access to the courts because he was charged for photocopying documents pursuant to the prison's indigency policy which forced him to choose between purchasing essential hygienic supplies and legal supplies. Because he is not challenging the adequacy of the legal material or assistance, Hernandez was required to show actual injury. See Johnson, 948 F.2d at 521 (violation based on photocopying practices requires a showing of actual injury). He has failed to do so. Accordingly, the district court properly granted summary judgment for the prison officials. See id.
 
 
 5
 Hernandez also contends that the district court erred by granting defendants' cross-motion for summary judgment before he completed discovery. Hernandez did not ask for a continuance to conduct discovery, nor did he file an affidavit showing the particular facts he expected to find through discovery. See Fed.R.Civ.P. 56(f). Accordingly, the district court did not abuse its discretion by granting summary judgment before Hernandez completed discovery. See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal